UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LIBERTY MEDIA HOLDING, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11MC00411AGF |
| ) | |
| SWARM OF NOVEMBER 16, 2010, to ) | |
| JANUARY 27, 2010, et. al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Liberty Media Holding, LLC, filed this copyright infringement lawsuit in the United States District Court for the Western District of Wisconsin ("the Wisconsin District Court") on May 3, 2011, against a group of defendants (the "Doe defendants") whose identities currently are unknown. In order to identify the unknown defendants, Plaintiff moved for leave to conduct early discovery and to serve a third-party subpoena pursuant to Federal Rule of Civil Procedure 45 (Doc. No. 9-3) on Charter Communications, Inc., ("Charter") asking Charter to identify the customers associated with six specified internet protocol ("IP") addresses.

The Wisconsin District Court granted the motion for early discovery (Doc. No. 9-4) on the condition that each of the Doe defendants associated with a specified IP address would have an opportunity to object to this discovery. Plaintiff then obtained a Rule 45 subpoena from this Court, directed to Charter in St. Louis, Missouri. As the Wisconsin District Court noted, it lacked the authority to rule on the motions to quash filed in

response to these subpoenas because they issued from this Court. *See* Rule 45(c)(3). Nonetheless, that court directed the Doe defendants to file any such motions in that court so that it could serve as the gatekeeper in this action. Recognizing the limits of its authority, but also its greater familiarity and ongoing obligation with respect to the underlying action, on July 13, 2011, the Wisconsin District Court, United States Magistrate Judge, Stephen L. Crocker, presiding, issued a thoughtful, well-reasoned order, (the "July 13, 2011 Order") (Doc. No. 9-7), transferring the motions to quash to this Court and fully addressing the issues and concerns presented by those motions.

Now pending before this Court are the two motions to quash, filed by John Doe #6 (with IP address 66.190.62.160) (Doc. No. 1), and "Concerned Party" (with IP address 97.90.236.136) (Doc. No. 2), objecting to disclosing information about IP Address 97.90.236.136. Following the transfer of the motions to this Court, Plaintiff's counsel, acting pursuant to the direction of the Wisconsin District Court, submitted an affidavit (Doc. No. 9-1) outlining the measures taken to serve John Doe #6 and Concerned Party. Specifically, Plaintiff's counsel attests that he provided Charter with copies of Plaintiff's responses to the motions to quash, the July 13, 2011 Order and this Court's Order of July 18, 2011 (Doc. No. 6), and requested that Charter send these documents to John Doe #6 and Concerned Party using their IP addresses. As of this date, neither Plaintiff nor Charter has provided additional verification that the documents were in fact received, but the Court is satisfied that Plaintiff has undertaken all efforts required by this Court to notify John Doe #6 and Concerned Party of the proceedings in this matter.

Upon consideration of the motions to quash and Plaintiff's responses thereto, the Court concludes that the reasoning set forth in the July 13, 2011 Order fully addresses all the issues raised by these motions. As set forth more fully in Magistrate Judge Crocker's Order, here, the information Plaintiff seeks is relevant and properly within the scope of Rule 26. John Doe #6's assertions regarding attempted extortion and harassment have no factual basis and can be addressed if later found to pose legitimate concern. With respect to Concerned Party's motion, the Court agrees with Magistrate Judge Crocker that the subpoena is sufficiently specific to be enforced. Whether the disclosures sought will provide Plaintiff with sufficient information to identify the proper defendants remains to be seen, but that does not preclude the current relevance of those disclosures and their discoverability under Rule 26. For these reasons and on the basis of the analysis set forth in the July 13, 2011 Order, the Court will deny both motions to quash.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to quash of movant John Doe #6 (with IP address 66.190.62.160) is **DENIED.** (Doc. No. 1)

**IT IS FURTHER ORDERED** that the motion to quash of movant Concerned Party (with IP address 97.90.236.136) is **DENIED**. (Doc. No. 2)

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of November, 2011.